STRAUS *v.* FINANE and another.

Filed January 31, 1885.

1. **MECHANIC'S LIEN—ENFORCEMENT OF—PROPER COURT TO BE INVOKED.**
   Proceedings to enforce a mechanic's lien must be brought on the equity side of the court. *Finane v. Las Vegas Hotel & Imp. Co., ante,* 256.[1]

2. **SAME—ASSUMPSIT—JUDGMENT.**
   In an attempt to enforce a mechanic's lien by an action of *assumpsit*, the purchaser of the property to be charged, if not a party to the contract, as set out in the declaration, is improperly made a defendant, and cannot be included in the judgment.

Error to First judicial district, San Miguel county.

*Louis Sulzbacher*, for plaintiff in error.

*Lee & Fort*, for defendants in error.

BELL, J. The plaintiff in error was one of the defendants in the action in the court below. That action was brought to enforce a mechanic's lien. The declaration, if it may be so called, charged that a contract was entered into by one Hershell Halstead, as the owner of certain houses, with the plaintiffs below, to paint, canvas, and paper the said houses for the sum of $110; that the plaintiffs began the work, and while engaged on it, but before its completion, Halstead sold and conveyed the said houses to A. Straus, the plaintiff in error; that after Straus became the purchaser, the defendants in error were notified not to complete the work, and were not permitted to do so by the said Straus; that they presented their bill for the work to both Halstead and Straus, but neither of them paid the same, and thereupon they filed their lien upon the whole of the said property; that the work is still unpaid for, and that there is still due and owing to them the sum of $110. The declaration then closes as follows:

"Wherefore, the premises considered, your petitioners pray judgment against each of the defendants herein for said sum, damages, interest, and costs, and that this honorable court adjudge the sale of said premises upon which said work was performed, and that the proceeds of such sale be applied to the payment of your petitioners' claim, and the costs of these proceedings, and that a reasonable sum be allowed them as their damages herein."

[1] Same case, 5 Pac. Rep. 725.

The defendants below demurred to the declaration, for the reason, among others, that the action was brought in *assumpsit*, and not by bill in equity, and that the court had, therefore, no jurisdiction. The demurrer was overruled. Had the defendants stood upon it and come to this court, we should have felt compelled to sustain it; for, as we have decided in *Finane* v. *Las Vegas Hotel & Imp. Co.*, ante, 256,[1] at the present term of court, proceedings to enforce a mechanic's lien must, in this territory, be brought on the equity side of the court. After the demurrer was overruled, the defendants pleaded *non-assumpsit*. Thereafter a trial was had before the court, without a jury, and a judgment rendered for plaintiffs, "that the plaintiffs have and recover of the defendants the sum of one hundred and ten dollars, the amount of their claim, with interest at the rate of six per centum per annum from the twenty-seventh day of May, 1882, until this judgment is paid, together with their costs in and about the filing of said lien." And the court goes on further to direct that the property in question be sold to satisfy the judgment, etc.

We are of opinion that it was error for the court below to have rendered this judgment and directed its entry. It is clear that as the plaintiff in error here was not a party to the contract, as set forth in the declaration, he could not be jointly charged with his co-defendant, Halstead, and that no judgment could be entered against him, as he was improperly joined with Halstead, and a judgment entered against both. The judgment must be reversed, and the complaint dismissed, with costs to the appellant; and it is so ordered.

WILSON, J., concurs.